# Watkins, *et al. v.* Chapman, *et al.*

### Bill to Remove Settlement and Annul Deeds.

(Decided January 20, 1916.   Rehearing denied March 30, 1916.
71 South. 473.)

**Appeal and Error; Review; Propriety of Part of the Decree.**—Where all the parties to a bill to remove a settlement from the probate to the chancery court, and to have certain deeds annulled on the ground of mental incapacity, were sui juris, and were before the court, and no objection was taken to that part of the decree granting relief under respondent's cross bill, no error being assigned or insisted upon as to the part of the decree ordering the sale of the land for distribution among the tenants in common, except that property should have been decreed to belong to the parties as heirs of the intestate, this court will not, on appeal, determine the propriety of such part of the decree.

APPEAL from Monroe Law and Equity Court.
Heard before Hon. W. G. McCorvey.

Bill by Ida P. Watkins and others against R. Z. Chapman and others to remove a settlement of an estate from the probate to the chancery court, to annul certain deeds, and for other relief. From a decree for respondents on their cross bill, and for complainants as to other matters, certain of the complainants appeal. Affirmed.

H. H. McCLELLAND, for appellants. BARNETT & BUGG, for appellees.

MAYFIELD, J.—This was a bill filed by appellants against appellees, to remove the settlement of an estate from the probate court to the chancery court, and to have certain deeds by the intestate to two of the respondents annulled on the ground of mental incapacity on the part of the grantor, to have certain moneys and personal property received by these two respondents from the intestate declared advancements rather than gifts, and then to have all the property brought into hotchpot and administered between all the heirs and the distributees of the estate. The two respondents to whom the lands were conveyed and who had received the moneys conveyed answered the bill, and admitted all the facts necessary to remove the proceedings from

the probate court to the chancery court; that is, they admitted that complainant Ida P. Watkins, who filed the bill, was an heir of the estate of the intestate, who was the mother of complainants and the three respondents. One of the respondents, R. Z. Chapman, denied all the equity of the bill, while the other two, J. W. and A. L. Chapman, denied all the equity of the bill other than that for the removal of the settlement into the chancery court, and alleged that the estate of intestate owned no interest in the lands or in the personal property sought to be brought in and administered, but alleged that as to certain land situated in Jefferson county, and which was conveyed to these two respondents by the intestate mother, the complainant, Ida P. Watkins, and the correspondent R. Z. Chapman, each owned an undivided one-eighth interest, as tenants in common with these two respondents, who each owned an undivided three-eights interest therein, and sought to have their answer made a cross-bill, and to have the land in Jefferson county sold for distribution among the tenants in common. The court granted the relief prayed as to the removal of the settlement into the chancery court, but denied to the complainant and R. Z. Chapman all relief as to conveyances by the intestate to J. W. and A. L. Chapman, and as to the gifts of personalty being in the nature of advancement, and granted the relief prayed in the cross-bill, and directed that the rents of the lands and the proceeds of certain insurance as to property on the lands in Jefferson county be ascertained, and that the rents and insurance money so ascertained be divided among Ida P. Watkins and R. Z., J. W., and A. L. Chapman in the proportion as their respective interests in the land were ascertained to be; that is, one-eighth each to Ida P. Watkins and R. Z. Chapman, and three-eighths each to J. W. and A. L. Chapman. From this decree Ida P. Watkins appeals, and assigns various errors.

The cause was heard on bill, answers, cross-bill, and proof by all parties; and we are not prepared to say that there is any error shown in the record, of which Ida P. Watkins can complain.

No error is assigned as to the relief granted under the cross-bill, and hence we do not treat or discuss its merits or demerits. We merely suggest that it is difficult to see its connection or relation with the matters contained in the original bill—that is,

[Ex Parte Lacy v. The State.]

those pertaining to the settlement of the estate being administered—further than we have shown in this opinion. It is true that the parties, other than the administrator, are the same, and that it relates to the lands sought to be administered, but the relief is graned upon the theory that the lands were not the property of the intestate, and therefore were not in any wise subject to be administered. As the parties are all sui juris, and all were before the court, and no objection was taken to this part of the decree ordering the sale for distribution among tenants in common, other than that the property should have been decreed to belong to the parties as heirs of the intestate, we do not feel that it is proper to attempt to decide as to the propriety or correctness of this part of the decree.

While the evidence showed that the intestate was very feeble when she executed the conveyances, having had two strokes of paralysis, yet we think that the weight of the evidence fails to show that she was lacking in mental capacity to execute the conveyances in question. We agree with the chancellor that the evidence fails to show the mental incapacity, on the part of the intestate, which would authorize the court to annul those conveyances. We are unable, likewise, to find sufficient evidence in the record to show that moneys received by J. W. and A. L. Chapman from their mother, the intestate, were intended as advancements and not as gifts.

It follows that the decree appealed from must be affirmed.
Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.